Lawrence Brewster
Regional Solicitor
Daniel J. Chasek
Associate Regional Solicitor
**Susan Seletsky**, Attorney (CSBN #176106)
Office of the Solicitor (Sol #0918589)
United States Department of Labor
350 So. Figueroa St., Suite 370
Los Angeles, California 90071-1202
    Telephone: (213) 894-4983
    Facsimile: (213) 894-2064
seletsky.susan@dol.gov

Attorneys for the Plaintiff

JS-6

FILED
CLERK, U.S. DISTRICT COURT
JUN 28 2010
CENTRAL DISTRICT OF CALIFORNIA
BY            DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **HILDA L. SOLIS**,<br>    Secretary of Labor,<br>    United States Department of Labor,<br><br>        Plaintiff,<br><br>    v.<br><br>**FASHION CAMEO, INC.**, a California corporation,<br><br>        Defendant. | Case No.: CV 10 4307 AHM (MANx)<br><br>**CONSENT JUDGMENT** |

Plaintiff Hilda L. Solis, Secretary of Labor, United States Department of Labor ("Secretary"), and Fashion Cameo, Inc., a California corporation, have agreed to resolve the matters in controversy in this civil action and consent to the entry of this Consent Judgment in accordance herewith:

A. The Secretary has filed a Complaint alleging that the Defendant violated provisions of Sections 15(a)(1), 29 U.S.C. § 215(a)(1) of the Fair Labor Standards Act of 1938, as amended ("FLSA").

B. Defendant has appeared by counsel and acknowledges receipt of a copy of the Secretary's Complaint.

C. Defendant waives issuance and service of process and waives answer and any defenses to the Secretary's Complaint.

D. The Secretary and Defendant waive Findings of Fact and Conclusions of Law, and agree to the entry of this Consent Judgment in settlement of this action, without further contest.

E. Defendant admits that the Court has jurisdiction over the parties and subject matter of this civil action and that venue lies in the Central District of California.

F. Defendant has posted $5,867 with the U.S. Department of Labor, Wage and Hour Division, to cover FLSA wage underpayments which are due to employees of its sewing contractor, Nu Plus USA, Inc. for work they performed on goods of the Defendant during the period of 1/26/10 – 4/26/10. The Secretary shall allocate and distribute these funds to the employees of Nu Plus USA, Inc.

It is therefore, upon motion of the attorneys for the Secretary, and for cause shown,

ORDERED, ADJUDGED, AND DECREED that the Defendant, its officers, agents, servants, and employees and those persons in active concert or participation with them who receive actual notice of this order (by personal service or otherwise) be, and they hereby are, permanently enjoined and restrained from violating the provisions of Sections 15(a)(1), 29 U.S.C. § 215(a)(1) of the Fair Labor Standards Act of 1938, as amended ("FLSA"), in any of the following manners:

1) Defendant shall not, contrary to FLSA § 15(a)(1), 29 U.S.C. § 215(a)(1), transport, offer for transportation, ship, deliver, or sell in commerce (or ship, deliver, or sell with knowledge or reason to believe that shipment, delivery, or sale in commerce is intended) goods in the production of which any employee (of the defendant or other(s)) has been employed in violation of the FLSA's minimum wage (29 U.S.C. § 206) or overtime pay provisions (29 U.S.C. § 207); and, it is further

ORDERED that

2) Defendant shall review with the owner or top management official of all

sewing contractors with whom it does business each of the following matters prior to entering into any agreement with the contractor for its services and shall maintain documentation showing that the following matters have been reviewed:

    A. The terms of the FLSA, including the contractor's obligation to pay minimum wage and overtime and maintain accurate records of the hours worked by and wages paid to its employees;

    B. Whether the proposed price terms are such that the contractor will be able to comply with the FLSA's minimum wage and overtime requirements;

    C. The sewing contractor's willingness and ability, in light of the contractor's prior compliance history, involvement in the industry and financial resources, to understand and comply with the FLSA;

    D. The Defendant shall oblige the sewing contractor to inform Defendant immediately whenever the contractor is unable to meet the requirements of the FLSA.

    E. The Defendant will require the contractor to maintain true and accurate payroll records, records of hours worked by all persons who work on goods produced for the Defendant. The contractor shall make these records available to the Defendant and the U. S. Dept. of Labor upon request.

Defendant shall supply copies of the documentation required by this paragraph to representatives of the Secretary of Labor upon their request;

3) On at least an annual basis, Defendant shall hire an independent third party to conduct a pricing analysis of a representative sample of the different types of garments produced by the firm to determine the economic feasibility of Defendant's pricing in light of the wage requirements of the FLSA. Defendant shall maintain documentation of this analysis and provide it to representatives of the Secretary of Labor upon their request;

4) Within 30 days of the entry of this Judgment, Defendant shall hire an independent third party to monitor its sewing contractors to enforce the contractors' compli-

ance with the FLSA.  The monitor shall not represent either the manufacturer or contractor involved in this action in dealings with other parties or the Department of Labor. The monitoring program shall include the following components:

    a.  Random and unannounced site visits to the contractor, at least on a quarterly annual basis;

    b.  Review of the contractor's timecards and payroll records on at least a quarterly annual basis;

    c.  Private and confidential interviews of at least 20% of the current employees to determine the hours they work and the wages they are paid;

    d. Disclosure to the contractor of any FLSA compliance issues revealed by the monitoring and corrective action recommended to the contractor.

The monitor shall produce written reports of its findings which Defendant shall maintain for a period of three years.  Defendant shall supply copies of these reports to representatives of the Secretary of Labor upon their request;

    5)  Defendant shall maintain copies of all cutting tickets issued to their contractors and make these records available for inspection upon request from the U. S. Dept. of Labor's Wage and Hour Division; and it is further

ORDERED that each party shall bear its own fees and other expenses incurred by such party in connection with any stage of this proceeding, including but not limited to attorneys' fees, which may be available under the Equal Access to Justice Act, as amended; and, it is further

ORDERED that this Court retains jurisdiction of this action for purposes of enforcing compliance with the terms of this Consent Judgment.

Dated: _June 24_, 2010              _____
                                                      U.S. DISTRICT COURT JUDGE

For the Defendant:

The Defendant hereby appears, waives any defense herein, consents to the entry of this Judgment, and waives notice by the Clerk of Court:

For: Defendant Fashion Cameo, Inc.

By: _____     5-7-10.
       Kyung Ae Lee                 Date

Its: __President_____

Attorney for the Defendant

_____          5/7/2010
SANG I. LEE                         Date
8383 Wilshire Blvd., #510
Beverly Hills, CA 90211
Attorney for the Defendant

For the Plaintiff:

M. PATRICIA SMITH
Solicitor of Labor

LAWRENCE BREWSTER
Regional Solicitor

DANIEL J. CHASEK
Associate Regional Solicitor

_____          June 10, 2010
SUSAN SELETSKY, Attorney            Date
Attorneys for the Plaintiff
U.S. Department of Labor

Consent Judgment (Sol #0918584)                          Page 5 of 5